**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **ORIENTAL BANK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cv-0003** |
| | ) | |
| **VIRGIL PEDERSEN, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## JUDGMENT

**THIS MATTER** is before the Court based on Defendant Upper Deck Villas Association ("UDVA") failure to comply with the Court's February 10, 2022 order to substitute counsel. (ECF No. 48).

## I. PROCEDURAL BACKGROUND

Plaintiff Oriental Bank commenced this action for debt, foreclosure of all liens and to quiet title against Virgil Pedersen, Robert Pedersen and Susan Wilson as successor trustees/beneficiaries of the Vicky Pedersen Revocable Living Trust U/T/D 07/2007, Stacy L. White and UDVA. (ECF No. 1.) On April 5, 2021, Plaintiff amended the complaint, alleging that UDVA

> is joined by virtue of any right, title or interest said Defendant may claim pursuant to the following subordinate lien interests recorded against the Mortgaged Property: b. Notice of [Condominium] Lien dated May 8, 2019 in the sum of $18,504.77, recorded at the Office of the Recorder of Deeds for the District of St. Thomas and St. John on Ma[y] 21, 2019 as Document No. 2019003216. A copy of the recorded document is attached hereto as Exhibit I.

(ECF No. 23 ¶ 27.)

On April 26, 2021, UDVA filed an answer, admitting paragraph 27 in the amended complaint and attached as Exhibit 1, an updated Notice of Lien dated February 9, 2021, showing that the owner of Units 3 and 3A, Vicky Pedersen Revocable Living Trust, owed UDVA the sum of $95,012.14. (ECF No. 24 ¶ 27.) UDVA made crossclaims against Virgil

Pedersen, Robert Pedersen and Susan Wilson for all sums due for unpaid common charges and assessments in accordance with the UDVA's bylaws. (ECF No. 24.) On September 13, 2021, UDVA made a motion for entry of default against individual Defendants for failure to answer or otherwise defend the UDVA's cross claims against them. (ECF No. 34.) On October 18, 2021, the Clerk of Court entered default only against Virgil Pedersen, but granted the UDVA's motion in its entirety. (ECF No. 42.)

A motion to withdraw by UDVA's counsel (ECF No. 46) was granted on February 10, 2022, and the Court ordered counsel to serve a copy of the order on UDVA and file a proof of service with the Court, UDVA to retain new counsel and cause new counsel to enter appearance no later than March 2, 2022, and the Clerk of Court to serve copies of the order on David R. Heiman, Manuel El Baltimy, Luis Revuelta and Max Annise. (ECF No. 48.) The Court order also placed UDVA on notice that "[f]ailure to retain substitute counsel and to cause such counsel to file an appearance on its behalf of or before March 2, 2022 may result in the striking of UDVA's pleadings, the entry of a default against UDVA, and/or the entry of adverse judgment against UDVA." (*Id.*)

On July 20, 2022, Plaintiff made a Motion for Entry of Default against all Defendants, pursuant to Federal Rule of Civil Procedure 55(a), arguing that individual Defendants failed to appear or otherwise defend and UDVA failed to retain counsel as directed by the Court's February 10, 2022 order. (ECF No. 59.) The Clerk of Court entered default against individual Defendants, Virgil Pedersen, Robert Pedersen, Susan Wilson and Stacy White. (ECF Nos. 63, 64, 65 and 66.) Plaintiff's motion for substitution of Plaintiff to Sol Holdco III B LLC was granted. (ECF No. 61.) Thereafter, Plaintiff's motion for substitution of Plaintiff to Planet Lending, LLC was granted (ECF No. 70).

## II. LEGAL STANDARD

> It has long been understood that "[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution," powers "which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *United States v. Hudson,* 7 Cranch 32, 34, 3 L.Ed. 259 (1812); see also *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980) (citing *Hudson*). For this reason, "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and

> submission to their lawful mandates." *Anderson v. Dunn,* 6 Wheat. 204, 227, 5 L.Ed. 242 (1821); see also *Ex parte Robinson,* 19 Wall. 505, 510, 22 L.Ed. 205 (1874). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631, 82 S.Ct. 1386, 1388–1389, 8 L.Ed.2d 734 (1962).

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Id.* at 44.

Recognizing that "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record," *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 866 (3d Cir. 1984), the Third Circuit requires courts to balance the following factors when determining sanctions and whether the record supports the court's findings:

> (1) the extent of the *party* 's personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

*Id.* at 868. More specifically, the Third Circuit requires

> consideration of the *Poulis* factors . . . when a district court enters a default judgment pursuant to Rule 55(b) as a sanction for failure to plead or otherwise defend, *e.g., Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1148 (3d Cir.1990). In addition, we have required a *Poulis* analysis when a district court imposes sanctions that are tantamount to default judgment because they inevitably lead to liability for one party. *E.g., Ali v. Sims,* 788 F.2d 954, 957 (3d Cir.1986).

*Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013). The Third Circuit also expressed no doubt that it is proper to impose a default judgment

> against the defendants for failure to comply with [the court's] own unambiguous orders to obtain substitute counsel, file a pretrial memorandum, and respond to the plaintiffs' discovery requests. *See, e.g., Eagle Assocs. v. Bank of Montreal,* 926 F.2d 1305, 1310 (2d Cir.1991) (Rule 55 default proper where "court was confronted by a recalcitrant party who failed to comply with its order to obtain counsel"); *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.,* 782 F.2d 329, 334 (2d Cir.1986) (court entered Rule 55(a) default eight months after defendant failed to obtain new counsel, although entry of judgment did not occur for another year); *McGrady v. D'Andrea Elec., Inc.,* 434 F.2d 1000, 1001 (5th Cir.1970) (failure to appear at pretrial conference is ground for Rule 55 default); *Shapiro, Bernstein & Co. v. Continental Record Co.,* 386 F.2d 426, 427 (2d Cir.1967) (per curiam) (reversing district court's refusal to grant Rule

> 55 default judgment where corporate defendant had not complied for one year with district court's order to secure new counsel after withdrawal of original counsel); *Ferraro v. Kuznetz,* 131 F.R.D. 414, 416 (S.D.N.Y.1990) (imposing default judgment against defendant under Rule 55 for failure to file pretrial order, appear at pretrial conference, and comply with discovery requests).

*Hoxworth v. Blinder, Robinson & Co.,* 980 F.2d 912, 918–19 (3d Cir. 1992); *see Hritz v. Woma Corp.*, 732 F.2d 1178, 1184 (3d Cir. 1984) ("we do not believe that it is an abuse of discretion for a trial judge to enter a default judgment to sanction a party who has callously disregarded repeated notices of a judicial proceeding").

With regards to this case, "a corporation can do no act except through its agents and that such agents representing the corporation in Court must be attorneys at law who have been admitted to practice, are officers of the Court and subject to its control." *Simbraw, Inc. v. United States*, 367 F.2d 373, 374 (3d Cir. 1966).

## III. DISCUSSION

### 1. *Extent of the Party's Personal Responsibility*

The Court's February 10, 2022 order was served on UDVA, as demonstrated by Notice of Filing Proof of Service in Compliance with the Court's Order of February 10, 2022. (ECF No. 49.) UDVA failed to comply with the Court's February 10, 2022 order to substitute counsel no later than March 2, 2022, for more than eight months, despite the clear and unambiguous directive to do so and the notice that its failure to comply may result in sanctions, including the harshest sanctions. (ECF No. 48.) Having been served with a copy of the Court's February 10, 2022 order and in light of the absence of any action on the part of UDVA, the Court finds that UDVA is solely responsible for its failure to comply with the Court's order to substitute counsel. Thus, this factor weighs in favor of granting default against UDVA.

### 2. *Prejudice to Adversary Caused by the Failure*

Although UDVA filed its answer, its subsequent failure to comply with the Court's February 10, 2022 order to substitute counsel prejudiced Plaintiff by effectively foreclosing prosecution of Plaintiff's claims against UDVA. The Court finds that this factor weighs against UDVA and in favor of granting default.

***3. History of Dilatoriness***

There is no history of dilatoriness by UDVA prior to its failure to comply with the Court's February 10, 2022 order to substitute counsel. The Court finds that this factor weighs in favor of UDVA,

***4. Whether the Conduct of the Party or the Attorney Was Willful or in Bad Faith***

Nothing in the record suggests to the Court that UDVA's failure to comply with the Court's February 10, 2022 order to substitute counsel was in bad faith. However, in light of the fact that UDVA was served with the Court's order, but failed to substitute counsel as directed, indicates that the failure was willful. The Court finds that this factor weighs against UDVA.

***5. Effectiveness of Alternative Sanctions***

Given that UDVA failed to comply with the Court's February 10, 2022 order to substitute counsel, no alternative sanctions would be effective to remedy the prejudice that would attend Plaintiff as a result of UDVA's failure. The Court finds that it would be futile to impose a fine or assess fees against UDVA. Accordingly, the Court finds that this factor weighs in favor of granting default.

***6. Meritoriousness of the Claim or Defense***

UDVA admitted in its answer paragraph 27 of the amended complaint, asserting that UDVA has a subordinate lien dated May 8, 2019 in the sum of $18,504.77, recorded at the Office of the Recorder of Deeds for the District of St. Thomas and St. John on Ma[y] 21, 2019 as Document No. 2019003216, and submitted an updated Notice of Lien dated February 9, 2021, Document No. 2021000687, showing that the owner of Units 3 and 3A, Vicky Pedersen Revocable Living Trust, owed the sum of $95,012.14. Since UDVA conceded the existence and the amount of its subordinate lien, the Court finds that this factor weighs against UDVA.

The Court finds that all *Poulis* factors, except history of dilatoriness, weighs in favor of UDVA and in favor of imposing the harshest sanction of default judgment against UDVA. Accordingly, it is

**ORDERED, ADJUDGED, and DECREED** that a **DEFAULT JUDGMENT** as a sanction is imposed against UDVA pursuant to the Court's inherent powers for UDVA's failure to comply

with the Court's February 10, 2022 order to substitute counsel no later than March 2, 2022; it is further

**ORDERED, ADJUDGED, and DECREED** that UDVA is liable to Plaintiff on Plaintiff's claims against UDVA for foreclosure and to quiet title;

**ORDERED, ADJUDGED, and DECREED** that UDVA's liens held by UDVA and subject to the amended complaint in this action are **FORECLOSED.**

**Dated:** November 8, 2022

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**