## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| PLANET HOME LENDING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:21-cv-0003 |
| | ) |
| VIRGIL PEDERSEN, AS SUCCESSOR TRUSTEE/BENEFICIARY OF THE VICKY PEDERSEN REVOCABLE LIVING TRUST U/T/D 07/2007; ROBERT PEDERSEN, AS SUCCESSOR TRUSTEE/BENEFICIARY OF THE VICKY PEDERSEN REVOCABLE LIVING TRUST U/T/D 07/2007; SUSAN WILSON, AS SUCCESSOR TRUSTEE/BENEFICIARY OF THE VICKY PEDERSEN REVOCABLE LIVING TRUST U/T/D 07/2007; STACY L. WHITE; UPPER DECK VILLAS ASSOCIATION; UNKNOWN TENANT IN POSSESSION 1; AND UNKNOWN TENANT IN POSSESSION 2, | ) |
| Defendants. | ) |

## JUDGMENT AND ORDER OF FORECLOSURE

THIS MATTER is before the Court on the motion filed by Plaintiff, PLANET HOME LENDING, LLC ("PLANET"), for entry of Judgment against Defendants VIRGIL PEDERSEN, as Successor Trustee/beneficiary of the Vicky Pedersen Revocable Living Trust U/T/D 07/2007; ROBERT PEDERSEN, as Successor Trustee/beneficiary of the Vicky Pedersen Revocable Living Trust U/T/D 07/2007; SUSAN WILSON, as Successor Trustee/beneficiary

Case: 3:21-cv-00003-RAM-RM Document #: 78 Filed: 01/31/23 Page 2 of 14

*Planet Home Lending, LLC v. Pederson, et al.*
Case No. 3:21-cr-0003
Judgement and Order of Foreclosure
Page 2 of 14

of the Vicky Pedersen Revocable Living Trust U/T/D 07/2007; and STACY L. WHITE.[1]

Plaintiff further seeks an Order foreclosing its mortgage lien on certain real property given as security for repayment of the debt, and foreclosure of any and all lower priority liens.

Upon review of the relevant pleadings, affidavits, loan and mortgage documents, Plaintiff's motion it is hereby GRANTED as follows:

### A. Findings of Fact and Conclusions of Law

1. Jurisdiction is proper over this matter pursuant to 28 U.S.C. § 1332, due to the complete diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000.00.

2. Venue is proper in this division because the real property at issue is located in St. John, U.S. Virgin Islands.

3. Planet Financial Group, LLC is the sole member of Green Planet Mortgage, LLC. Green Planet Mortgage, LLC is the sole member of PLANET HOME LENDING, LLC. Planet Financial Group, LLC and Green Planet Mortgage, LLC are Delaware limited liability companies. No individual member of Planet Financial Group, LLC; Green Planet Mortgage, LLC; or PLANET HOME LENDING, LLC is a citizen of the U.S. Virgin Islands for diversity purposes.

4. **Vicky Pedersen Revocable Living Trust U/T/D 07/2007** is the sole owner of record of the subject Mortgaged Property located in St. Thomas, U.S. Virgin Islands.

5. The Grantor and Trustee of the **Vicky Pedersen Revocable Living Trust**

---

[1] The Court awarded default judgment in favor of Plaintiff and against Upper Deck Villas Association (ECF No. 71) and dismissed the Upper Deck Villas Association's crossclaims (ECF No. 72). Plaintiff filed a Notice of Voluntary Dismissal - Unknown Tenants. (ECF No. 76.)

Case: 3:21-cv-00003-RAM-RM Document #: 78 Filed: 01/31/23 Page 3 of 14

*Planet Home Lending, LLC v. Pederson, et al.*
Case No. 3:21-cr-0003
Judgement and Order of Foreclosure
Page 3 of 14

**U/T/D 07/2007**, Vicky Pedersen, is deceased as of November 1, 2013.

6. Pursuant to Paragraph 12 of the **Vicky Pedersen Revocable Living Trust U/T/D 07/2007**, Defendant VIRGIL PEDERSEN is the first identified Successor Trustee/beneficiary of the Vicky Pedersen Revocable Living Trust U/T/D 07/2007, and is named in his capacity as Successor Trustee/beneficiary.

7. Defendant VIRGIL PEDERSEN is a citizen and resident of the State of Montana.

8. Pursuant to Paragraph 12 of the **Vicky Pedersen Revocable Living Trust U/T/D 07/2007**, Defendant ROBERT PEDERSEN is the second identified Successor Trustee/beneficiary of the Vicky Pedersen Revocable Living Trust U/T/D 07/2007, and is named in his capacity as Successor Trustee/beneficiary.

9. Defendant ROBERT PEDERSEN is a citizen and resident of the State of Montana.

10. Pursuant to Paragraph 12 of the **Vicky Pedersen Revocable Living Trust U/T/D 07/2007**, Defendant SUSAN WILSON is the third identified Successor Trustee/beneficiary of the Vicky Pedersen Revocable Living Trust U/T/D 07/2007, and is named in her capacity as Successor Trustee/beneficiary.

11. Defendant SUSAN WILSON is a citizen and resident of the State of Montana.

12. Defendant STACY L. WHITE is joined by virtue of a subordinate Second Priority Mortgage recorded against the subject Mortgaged Property.

13. Defendant STACY L. WHITE is a citizen and resident of St. Croix, U.S. Virgin Islands.

14. Defendant UPPER DECK VILLAS ASSOCIATION is joined by virtue of its

Case: 3:21-cv-00003-RAM-RM   Document #: 78   Filed: 01/31/23   Page 4 of 14

*Planet Home Lending, LLC v. Pederson, et al.*
Case No. 3:21-cr-0003
Judgement and Order of Foreclosure
Page 4 of 14

subordinate Notice of [Condominium] Lien recorded against the subject Mortgaged Property.

15. Defendant UPPER DECK VILLAS ASSOCIATION is an unincorporated Virgin Islands condominium association affiliated with the subject Mortgaged Property.

16. On December 22, 2011, VICKY PEDERSEN (individually) executed an Adjustable Rate Note ("Note") and separate personal Guarantee in which she promised to pay the Note Holder the principal sum of FOUR HUNDRED SIXTY THREE THOUSAND and 00/100 U.S. Dollars ($463,000.00), together with interest at the rate of 3.94% per annum, in equal monthly installments of $2,194.45.

17. The Note provides that it shall become due and payable in its entirety, without notice, by reason of default in the payment or interest or principal when due, as well as any other default thereunder.

18. Repayment of the loan, including any and all sums that they at any time and for any reason may become due, is secured by a First Priority Mortgage executed on December 22, 2011 by VICKY PEDERSEN, Trustee of the **Vicky Pedersen Revocable Living Trust U/T/D 07/2007**, in the principal sum of FOUR HUNDRED SIXTY-THREE THOUSAND and 00/100 U.S. Dollars ($463,000.00), covering the following real property:

> **The Units known as Unit No. 3 and Unit No. 3A (hereinafter called the "Unit"), in the buildings known as Upper Deck Villas f/k/a Bethany Condominium at the property known as Parcel Nos. 1A, 1G and 1Ga Estate Bethany, No. 1 Cruz Bay, St. John, Virgin Islands, and described as such in the Declaration establishing a plan for condominium ownership of said buildings and said property (hereinafter collectively called the "Property"), made under the Condominium Act of the Virgin Islands of the United States (Chapter 33, Title 28, Virgin Islands Code), dated November 19, 1981, recorded November 23, 1981, Book 23-C, Page 79, Document No. 937, Auxiliary 21 -E, Page 41, (hereinafter called the "Declaration"), and as may be amended from time to time.**

Case: 3:21-cv-00003-RAM-RM   Document #: 78   Filed: 01/31/23   Page 5 of 14

*Planet Home Lending, LLC v. Pederson, et al.*
Case No. 3:21-cr-0003
Judgement and Order of Foreclosure
Page 5 of 14

> **Together with an undivided percentage interest in the common areas and facilities, including but not limited to all easements appurtenant thereto.**

("Mortgaged Property"). The First Priority Mortgage was recorded at the U.S. Virgin Islands Office of the Recorder of Deeds for the District of St. Thomas & St. John on December 28, 2011 as Document No. 2011009418.

19. The First Priority Mortgage was assigned by THE BANK OF NOVA SCOTIA to Plaintiff ORIENTAL BANK by an Assignment of Mortgage recorded on March 5, 2020 at the U.S. Virgin Islands Office of the Recorder of Deeds for the District of St. Thomas and St. John, as Document No. 2020001071.

20. On April 25, 2022, ORIENTAL BANK executed an Assignment of Mortgage transferring its interest in the subject Note and Mortgage to SOL HOLDCO III B LLC. The Assignment of Mortgage was recorded with the Recorder of Deeds for the U.S. Virgin Islands, Division of St. Thomas and St. John on May 4, 2022, as Document No. 2022003102.

21. On September 19, 2022, SOL HOLDCO III B LLC executed an Assignment of Mortgage transferring its interest in the subject Note and Mortgage to PLANET HOME LENDING, LLC. The Assignment of Mortgage was recorded with the Recorder of Deeds for the U.S. Virgin Islands, Division of St. Thomas and St. John on September 20, 2022, as Document No. 2022006618.

22. On October 28, 2022, the Court entered an Order [ECF 70] substituting PLANET HOME LENDING, LLC as the plaintiff in this matter.

23. The Note follows the First Priority Mortgage. The First Priority Mortgage provides that the borrower shall pay all payments that are due under the Note. The

Case: 3:21-cv-00003-RAM-RM Document #: 78 Filed: 01/31/23 Page 6 of 14

*Planet Home Lending, LLC v. Pederson, et al.*
Case No. 3:21-cr-0003
Judgement and Order of Foreclosure
Page 6 of 14

Plaintiff is the holder of the Note and First Priority Mortgage and is entitled to enforce the Note and First Priority Mortgage.

24. VICKY PEDERSEN, as Trustee of the **Vicky Pedersen Revocable Living Trust U/T/D 07/2007**; VICKY PEDERSEN, individually; Defendant VIRGIL PEDERSEN; Defendant ROBERT PEDERSEN; and Defendant SUSAN WILSON have failed to comply with the terms and conditions of the Note and First Priority Mortgage, and are in default under those instruments for failing to pay the principal and interest when due on November 1, 2017, and subsequent payments thereafter.

25. Notice of the default was sent to VICKY PEDERSEN at the time of default.

26. To date, the default has not been cured, and the Note and First Priority Mortgage remains in default for failure to pay the principal and interest when due.

27. Pursuant to the terms and conditions of the Note and First Priority Mortgage, Plaintiff has elected to declare the entire unpaid principal sum with all accrued interest and late charges due and payable, and there is, accordingly due and owing to Plaintiff the principal sum of at least **$537,425.79**, as of December 15, 2022:

| | |
|---|---|
| Principal Balance | $ 406,286.35 |
| Interest Due | $ 83,268.98 |
| From 10/01/2017 to 12/15/2022 @ *3.94%* | |
| Recoverable Balance | $ 16,642.90 |
| Escrow Advance | $ 25,487.69 |
| Accum. Late Charges | $ 5,739.87 |
| **Total Due:** | **$ 537,425.79** |

Per diem interest in the amount of **$43.77** with interest rate of **3.94%** will accrue on the principal unless there is an interest rate change set forth in the Note. The aforementioned per diem interest will then accrue on the principal unless/until the next interest rate change

Case: 3:21-cv-00003-RAM-RM Document #: 78 Filed: 01/31/23 Page 7 of 14

*Planet Home Lending, LLC v. Pederson, et al.*
Case No. 3:21-cr-0003
Judgement and Order of Foreclosure
Page 7 of 14

date and accrue thereafter in accordance with the variable rate as set forth in the Note.

28. During the pendency of this action and prior to the foreclosure sale of the Mortgaged Property, Plaintiff may be required to pay real property taxes, insurance premiums, or other similar charges with respect to the Mortgaged Property, which, pursuant to the First Priority Mortgage become part of the principal amount of the indebtedness and for which Plaintiff may be entitled to recover against Defendants; as well as costs and fees, including reasonable attorneys' fees as a result of protecting Plaintiff's legal rights, which under the provisions of the Mortgage also become a lien on the Mortgaged Property until paid.

29. Defendant STACY L. WHITE is joined by virtue of any right, title or interest said Defendant may claim pursuant to the following subordinate lien interests recorded against the Mortgaged Property:

   a. Second Priority Mortgage executed on September 19, 2013 by VICKY PEDERSEN, as Trustee of the **Vicky Pedersen Revocable Living Trust U/T/D 07/2007**, in the principal sum of $143,000.00, recorded at the Office of the Recorder of Deeds for the District of St. Thomas and St. John on September 13, 2013 as Document No. 2013007668.

30. Defendant UPPER DECK VILLAS ASSOCIATION ("UDVA") is joined by virtue of any right, title or interest said Defendant may claim pursuant to the following subordinate lien interests recorded against the Mortgaged Property:

Case: 3:21-cv-00003-RAM-RM   Document #: 78   Filed: 01/31/23   Page 8 of 14

*Planet Home Lending, LLC v. Pederson, et al.*
Case No. 3:21-cr-0003
Judgement and Order of Foreclosure
Page 8 of 14

    a. Notice of [Condominium] Lien dated May 8, 2019, in the sum of $18,504.77, recorded at the Office of the Recorder of Deeds for the District of St. Thomas and St. John on Mau 21, 2019 as Document No. 2019003216.

31. Plaintiff's Complaint in this matter was filed on January 13, 2021 [ECF 1].

32. Plaintiff's First Amended Complaint was filed on February 26, 2021 [ECF 13].

33. The Summons & First Amended Complaint were served on Defendant VIRGIL PEDERSEN on February 25, 2021, and proof of service was filed with the Court on April 28, 2021 [ECF 25-1].

34. Defendant VIRGIL PEDERSEN failed to respond to the Complaint and Summons within the time permitted by law, and as a result, a default was entered by the Clerk of the Court on August 10, 2022. [ECF 63].

35. The Summons & First Amended Complaint were served on Defendant ROBERT PEDERSEN on February 6, 2021, and proof of service was filed with the Court on April 28, 2021 [ECF 25-2].

36. Defendant ROBERT PEDERSEN failed to respond to the Complaint and Summons within the time permitted by law, and as a result, a default was entered by the Clerk of the Court on August 10, 2022. [ECF 64].

37. The Summons & First Amended Complaint were served on Defendant SUSAN WILSON on February 6, 2021, and proof of service was filed with the Court on April 28, 2021 [ECF 25-3].

Case: 3:21-cv-00003-RAM-RM Document #: 78 Filed: 01/31/23 Page 9 of 14

*Planet Home Lending, LLC v. Pederson, et al.*
Case No. 3:21-cr-0003
Judgement and Order of Foreclosure
Page 9 of 14

38. Defendant SUSAN WILSON failed to respond to the Complaint and Summons within the time permitted by law, and as a result, a default was entered by the Clerk of the Court on August 10, 2022. [ECF 65].

39. The Summons & First Amended Complaint were served on Defendant STACY L. WHITE on April 9, 2021, and proof of service was filed with the Court on April 28, 2021 [ECF 25-4].

40. Defendant STACY L. WHITE failed to respond to the Complaint and Summons within the time permitted by law, and as a result, a default was entered by the Clerk of the Court on August 10, 2022. [ECF 66].

41. A search of the Department of Manpower Database is not possible for the individua l Defendants due to missing Social Security numbers, but Plaintiff and its predecessor(s) in interests received no indication that any of the individual Defendants is an active member of the U.S. Armed Forces.

42. There is no indication that any of the individual Defendants are minors or incompetent based on their interactions with Plaintiff, its agents, and its predecessor(s) in interest.

43. Defendant UDVA field an Answer to Plaintiff's First Amended Complaint on April 26, 2021, and also filed a crossclaim against VIRGIL PEDERSEN, ROBERT PEDERSEN, and SUSAN WILSON. [ECF 24.]

44. Subsequently, the Court granted UDVA's counsel's request to withdraw from representation in this matter, and on February 10, 2022, the Court ordered UDVA to retain new counsel, and that "failure to retain substitute counsel and to cause such counsel to file an appearance on its behalf on or before March 2, 2022 may result in the striking of

Case: 3:21-cv-00003-RAM-RM Document #: 78 Filed: 01/31/23 Page 10 of 14

*Planet Home Lending, LLC v. Pederson, et al.*
Case No. 3:21-cr-0003
Judgement and Order of Foreclosure
Page 10 of 14

UDVA's pleadings, the entry of a default against UDVA". [ECF 48.]

45. On November 8, 2022, the Court entered an Order dismissing UDVA's cross claims [ECF 72], and entered a Default Judgment in favor of Plaintiff and against UDVA for failure to comply with the Court's February 10, 2022 Order. [ECF 71.]

46. Plaintiff's First Priority Mortgage is a first priority lien upon the Mortgaged Property.

47. Plaintiff is entitled to foreclose its liens and all other liens having a lower priority in accordance with V.I. Code ANN. tit. 28, §§ 531-538, specifically including each of the individual subordinate liens referenced herein; which are subordinate to Plaintiff's First Priority Mortgage.

48. An order waiving the statutory mediation requirement pursuant to 28 V.I.C. § 531 is appropriate, given that none of the Defendants has appeared to defend this matter.

49. Based on the foregoing, there are no genuine issues of material fact for trial, and default judgment is appropriate in favor of Plaintiff and against Defendant VIRGIL PEDERSEN; Defendant ROBERT PEDERSEN; Defendant SUSAN WILSON; and Defendant STACY L. WHITE.

   **B. Judgment for Debt**

Judgment for debt is hereby entered as to the Note and First Priority Mortgage in favor of PLANET HOME LENDING, LLC in the amount of **$537,425.79** as detailed below:

| | |
|---|---|
| Principal Balance | $ 406,286.35 |
| Interest Due | $ 83,268.98 |
|  From 10/01/2017 to 12/15/2022 @ *3.94%* | |
| Recoverable Balance | $ 16,642.90 |
| Escrow Advance | $ 25,487.69 |

Case: 3:21-cv-00003-RAM-RM   Document #: 78   Filed: 01/31/23   Page 11 of 14

*Planet Home Lending, LLC v. Pederson, et al.*
Case No. 3:21-cr-0003
Judgement and Order of Foreclosure
Page 11 of 14

|  |  |
|---|---|
| Accum. Late Charges | $ 5,739.87 |
| **Total Due:** | **$ 537,425.79** |

plus further interest accruing at the rate of **$43.77** per diem (3.94%) from November 12, 2022, to the date of entry of this judgment; plus statutory interest of 4.00% to accrue on the total judgment so entered from the date hereof.

Counsel may file a separate application for any additional attorney's fees and costs incurred as a result of this action at any time prior to the entry of the Order confirming sale.

**C.  Judgment of Foreclosure of Real Property Mortgage**

Judgment of Foreclosure of Mortgage in satisfaction of the Judgment for Debt shall be, and is hereby, entered in favor of PLANET HOME LENDING, LLC, and against Defendants VIRGIL PEDERSEN, as Successor Trustee/beneficiary of the Vicky Pedersen Revocable Living Trust U/T/D 07/2007; ROBERT PEDERSEN, as Successor Trustee/beneficiary of the Vicky Pedersen Revocable Living Trust U/T/D 07/2007; SUSAN WILSON, as Successor Trustee/beneficiary of the Vicky Pedersen Revocable Living Trust U/T/D 07/2007; and STACY L. WHITE, as to the following real property (the "Property" or the "Mortgaged Property"):

> **The Units known as Unit No. 3 and Unit No. 3A (hereinafter called the "Unit"), in the buildings known as Upper Deck Villas f/k/a Bethany Condominium at the property known as Parcel Nos. 1A, 1G and 1Ga Estate Bethany, No. 1 Cruz Bay, St. John, Virgin Islands, and described as such in the Declaration establishing a plan for condominium ownership of said buildings and said property (hereinafter collectively called the "Property"), made under the Condominium Act of the Virgin Islands of the United States (Chapter 33, Title 28, Virgin Islands Code), dated November 19, 1981, recorded November 23, 1981, Book 23-C, Page 79, Document No. 937, Auxiliary 21 -E, Page 41, (hereinafter**

Case: 3:21-cv-00003-RAM-RM   Document #: 78   Filed: 01/31/23   Page 12 of 14

*Planet Home Lending, LLC v. Pederson, et al.*
Case No. 3:21-cr-0003
Judgement and Order of Foreclosure
Page 12 of 14

> **called the "Declaration"), and as may be amended from time to time. Together with an undivided percentage interest in the common areas and facilities, including but not limited to all easements appurtenant thereto.**

Plaintiff's Mortgage is a first priority lien superior to all other liens of record or claims of legal or equitable interests of the Defendants. Plaintiff's right, title, and interest in the Mortgaged Property is superior to and shall not be subject to challenge by any parties claiming to be unknown heirs, devisees, beneficiaries, grantees, assignees, lienors, creditors, trustees, and all other unknown persons or spouses claiming by, through, under or against the Defendants.

Further, any liens recorded against the Property after the date of the recording of Plaintiff's First Priority Mortgage in this matter are foreclosed, whether known or unknown. Finally, Plaintiff shall have foreclosure of its First Priority Mortgage in satisfaction of the Judgment for Debt in accordance with the rules, procedures, and usages of this Court.

    **D.**    **General Provisions**

    1.    Upon sale by the U.S. Marshal, all rights of the Defendants shall be divested with the exception of a six month right of redemption in the Property in accordance with title 28, section 535 of the Virgin Islands Code.

    2.    PLANET HOME LENDING, LLC shall be entitled to pursue a deficiency judgment against the Estate of Vicky Pedersen if it chooses to do so, should the proceeds from the Marshal Sale be insufficient to satisfy the judgment.

    3.    The U.S. Marshal shall be directed to deliver to the purchaser at the Marshal's Sale a Certificate of Title for the Property immediately following confirmation of sale, and a U.S. Marshal's Deed with respect to the Property immediately upon expiration of all

Case: 3:21-cv-00003-RAM-RM Document #: 78 Filed: 01/31/23 Page 13 of 14

*Planet Home Lending, LLC v. Pederson, et al.*
Case No. 3:21-cr-0003
Judgement and Order of Foreclosure
Page 13 of 14

rights of redemption.

    4. The proceeds of the U.S. Marshal's Sale shall first be applied to the satisfaction of the Judgment for Debt; and thereafter, if any excess funds exist, applied to the satisfaction and thereafter, if any excess funds exist, applied to the satisfaction of any subsequent liens consistent with Virgin Islands law.

    5. PLANET HOME LENDING, LLC and/or its successor(s)-in-interest is authorized to advertise a Notice of Marshal's Sale incorporating the general provisions hereof, once per week for four (4) consecutive weeks prior to such U.S. Marshal's Sale, in a newspaper of general circulation as it is defined in title 1, section 41 of the Virgin Islands Code, and such provisions and means of publication are found to be commercially reasonable in every respect.

    6. At any time, before or after the U.S. Marshal's Sale, PLANET HOME LENDING, LLC shall be allowed to assign any or all of its rights under this Judgment or any other Order of this Court, in whole or in part, to one or more assignee(s) or nominee(s) without notice or approval of any kind; and PLANET HOME LENDING, LLC and/or its nominee(s) and assignee(s) shall be allowed to credit bid at such sale and shall be allowed to transfer and/or assign any bids.

    7. PLANET HOME LENDING, LLC and its nominee(s) and assignee(s) shall not be required to deposit in cash or any percentage of its or their bids if any of them is the successful bidder, but any other bidder at the Marshal's Sale the terms shall be cash or other immediately available funds and the highest bidder shall be required to pay the U.S. Marshal ten percent (10%) of the bid in cash or immediately available funds no later than 3:00 pm on the day of the sale as a condition of being the successful bidder, and to pay the

Case: 3:21-cv-00003-RAM-RM   Document #: 78   Filed: 01/31/23   Page 14 of 14

*Planet Home Lending, LLC v. Pederson, et al.*
Case No. 3:21-cr-0003
Judgement and Order of Foreclosure
Page 14 of 14

remaining ninety percent (90%) of the bid in cash or immediately available funds within thirty (30) days, inclusive of the date of sale.

8. The failure to deposit ten percent (10%) of the bid or to pay the balance within the prescribed time periods will result in the forfeiture of all deposits as and for liquidated damages to be applied toward satisfaction of costs or the Debt Judgment, and the U.S. Marshal may, at the option of PLANET HOME LENDING, LLC or its nominee(s) or assignee(s), award the sale to the next highest bidder or sell the property again at the next available U.S. Marshal's Sale.

9. Time is of the essence for the payment of all amounts in connection with the U.S. Marshal's Sale.

10. Counsel for PLANET HOME LENDING, LLC shall be entitled to prepare the U.S. Marshal's Deed if PLANET HOME LENDING, LLC or its nominee or assignee is the successful bidder, and the U.S. Marshal shall execute such Deed, which Deed shall conform to existing law.

For the foregoing reasons, the Plaintiff's Motion for Default Judgment, ECF No. 73, is GRANTED. The Clerk of Court SHALL close the case.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

**Dated:** January 31, 2023           */s/ Robert A. Molloy*
                                      **ROBERT A. MOLLOY**
                                      **Chief Judge**